IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>vs.<br><br>JUAN TLATENCHI-MIRELES,<br><br>Defendant. | 4:26CR3005 |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through Matt E. Lierman, Assistant United States Attorney, respectfully submits this memorandum in aid of sentencing defendant Juan Tlatenchi-Mireles ("Defendant").

On July 20, 2026, the defendant appeared before United States Magistrate Judge Jacqueline M. DeLuca and entered a guilty plea to Count 1 of the Indictment, assaulting, resisting, opposing, impeding, intimidating and interfering with a federal Officer in violation of 18 U.S.C. § 111(a)(1).

As calculated by the United States Probation Office, the defendant's applicable Total Offense Level is 16, Criminal History Category I, resulting in a guideline imprisonment range of 21 to 27 months. Presentence Investigation Report (PSR) ¶ 79.

## I. Nature of the Offense: Assaulting, Resisting, Opposing, Impeding, Intimidating and Interfering with a federal Officer

The offense here is serious. As noted in the PSR, "[i]n the late morning hours ICE agents parked outside of the known apartment for Defendant and observed him leaving the residence

driving away in a maroon Subaru vehicle traveling southbound. Three agents operating separate unmarked law enforcement vehicles followed Defendant.

"Agents attempted a traffic stop on Defendant's vehicle by initiating emergency red and blue lights and sirens. Defendant failed to stop, instead he continued driving his vehicle while agents pursued. Defendant continued to increase the speed of his vehicle to elude officers while one agent, Victim 1, a federal officer within the designation of 18 U.S.C. § 1114, maneuvered his vehicle in front of Defendant's car in an effort to slow or stop Defendant. While doing so, Defendant's vehicle struck Victim 1's vehicle near the driver's side front wheel. Defendant then continued through the impact causing significant damage to the passenger side of his vehicle.

"Defendant continued through a busy intersection before turning onto residential streets and accelerating to a high rate of speed in a further effort to elude agents. The agents continue to chase, observing Defendant's vehicle continuing to drive at an unsafe manner as to indicate a willful disregard of persons or property before arriving at Defendant's residence at which point Defendant exited the vehicle and fled inside the home.

"Agents remained on scene for several hours while they secured a federal arrest warrant. Upon securing the warrant, agents made entry into the home and arrested Defendant without incident. Post *Miranda*, Defendant told a law enforcement interviewer that he knew that immigration agents were trying to stop his vehicle and arrest him but that he wanted to get away from them and avoid being arrested."

(PSR ¶¶ 19-22).

Defendant's conduct—deliberately fleeing law enforcement in a motor vehicle—transformed a routine traffic stop into an unpredictable, life-threatening situation in which

innocent bystanders frequently become victims. Defendant acknowledged knowing that the police were attempting to stop him, but he ignored the danger to others to avoid apprehension and possible deportation. This reckless disregard for the safety of others merits a sentence that both punishes and deters.

**II. History and Characteristics of the Defendant**

In 2022, Defendant was arrested for aggravated DUI, negligent driving, operating a vehicle without a license. (PSR ¶ 46). He later failed to appear for his court date and a warrant was issued for his arrest. (Id.). He was convicted of aggravated DUI, sentenced to 14 days house arrest, and fined $500. (*Id.*).

The PSR reflects additional convictions for "disorderly conduct, false reporting, reckless driving, and other minor traffic offenses," none of which resulted in the assessment of additional criminal history points. (PSR ¶ 47).

In 2023, Defendant illegally entered the United States but was apprehended and returned to Mexico through voluntary removal. (PSR ¶ 50). Some time thereafter, Defendant again illegally entered the United States and made his way to the District of Nebraska. Following his conviction for aggravated DUI, Defendant encountered law enforcement on at least two more occasions – both involving allegations of domestic violence. On September 16, 2024, an arrest warrant was issued for Defendant alleging he "used a clothing iron to break the windshield of a vehicle belonging to Victim 1," before he "drug her by both of her feet while she was on her back." (PSR ¶ 51). These charges were ultimately dismissed.

In July 2025, officers were dispatched to a residence regarding a domestic violence incident. Reports indicate that Defendant had assaulted his wife (Victim 2) and brother during an

argument. Victim 2 reported that Defendant "punched her three times in the face, which caused her face to be covered in blood." This event occurred while "four minor children" were in the home and had called 911 upon request from Victim 2. The home was in disarray, and blood drops could be seen on the bathroom floor. Victim 2 was observed to have "a fresh scrape on her left cheekbone area, a bruise on her left eye, and fresh blood on her face." (PSR ¶ 52). Defendant was charged with domestic violence assault and negligent child abuse. (Id.). Several of these charges were pending in Lancaster County Court, Nebraska at the time of Defendant's apprehension.

## III. Conclusion

The defendant's conduct in this case demonstrates a sustained and escalating disregard for the laws of the United States, public safety, and the authority of this Court. His decision to flee from law enforcement in a motor vehicle was not an isolated lapse in judgment, but part of a broader pattern of unlawful and dangerous behavior. By engaging in a high-risk vehicular flight, the defendant knowingly placed officers, motorists, and pedestrians in immediate peril, exhibiting a wanton disregard for human life and for the rule of law.

Compounding this conduct is the defendant's documented history of pending domestic-violence charges, which reflects a continuing threat to community safety. These unresolved matters underscore his ongoing inability or unwillingness to abide by court orders, respect the rights of others, or modify his behavior despite previous legal intervention. His criminal trajectory demonstrates not merely poor decision-making but a persistent pattern of defiance toward lawful authority and social norms designed to protect victims and the public.

Further aggravating this case is the defendant's status as an unlawfully present alien within the United States. His continued presence—despite lacking legal authorization and a previous removal—adds another layer of unlawfulness to his conduct and evinces his disregard for federal immigration law. While unlawful presence alone is not determinative of sentencing, it meaningfully contextualizes the defendant's actions: his flight from law enforcement and his ongoing criminal behavior occur against a backdrop of existing federal violations, reinforcing the conclusion that he does not view himself as bound by the legal obligations that govern others.

Taken together, these factors - dangerous flight from police, a pattern of domestic-violence-related criminal exposure, and his unlawful presence - establish that the defendant poses a severe and ongoing risk to public safety. They also indicate that prior interventions and pending criminal processes have failed to deter him from further lawlessness.

A sentence at the low end of the guideline range is therefore necessary to: promote respect for the law, provide adequate deterrence, protect the public from additional dangerous conduct, and reinforce the seriousness of the defendant's escalating pattern of criminal behavior.

For these reasons, the government respectfully requests that the Court impose a custodial sentence consistent with the statutory factors set forth in 18 U.S.C. § 3553(a) and as requested by the United States in this memorandum and as reflected in the previously executed plea agreement.

UNITED STATES OF AMERICA

Plaintiff

LESLEY A. WOODS
United States Attorney

s/Matt E. Lierman
By: MATT E. LIERMAN #22191
Assistant U.S. Attorney
1620 Dodge Street, #1400
Omaha, Nebraska 68102-1506
Tel: (402) 661-3700
matt.lierman@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties of record and also hereby certify that a copy of the same has been served by e-mail to the following non-CM/ECF participant:

Megan E Ostrander
U.S. Probation and Pretrial Services Officer Omaha, NE
megan_ostrander@nep.uscourts.gov

s/Matt E. Lierman
MATT E. LIERMAN
Assistant United States Attorney